Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000019
28-JUN-2017
08:20 AM

NO. CAAP-16-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v. EUCLIDES MARQUES-FERNANDEZ, also known as EUCLIDES MARQUES FERNANDES, also known as "NINJA", Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0568(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Euclides Marques-Fernandez, also known as Euclides Marques Fernandes and Ninja (Marques-Fernandez), appeals from the January 7, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit[1] (Circuit Court), convicting him of two counts of the lesser included offense of Sexual Assault in the Second Degree, violations of Hawaii Revised Statutes (HRS) § 707-731 (2014 Repl.).[2] This Judgment was

---

[1] The Honorable Joseph E. Cardoza presided.

[2]     **§ 707-731 Sexual assault in the second degree.** (1) A person commits the offense of sexual assault in the second degree if:

> (a) The person knowingly subjects another person to an act of sexual penetration by compulsion;
>
> (b) The person knowingly subjects to sexual penetration another person who is mentally incapacitated or physically helpless;
>
> (c) The person, while employed:
>
>> (i) In a state correctional facility;
>>
>> (ii) By a private company providing services at
>>
>> (continued...)

entered upon the acceptance of Marques-Fernandez's No Contest Plea pursuant to a plea agreement with the State.

On appeal, Marques-Fernandez argues that the "Circuit Court erred in allowing [Marques-Fernandez's] counsel to disclose [Marques-Fernandez's] citizenship status to the court at sentencing without first conducting an on-the-record colloquy about waiving his right to remain silent about his immigration or citizenship status."

Upon the careful consideration of the point raised and the arguments by the parties, the record, and the applicable authorities, we resolve Marques-Fernandez's appeal as follows and

---

[2] (...continued)

a correctional facility;

(iii) By a private company providing community-based residential services to persons committed to the director of public safety and having received notice of this statute;

(iv) By a private correctional facility operating in the State of Hawaii; or

(v) As a law enforcement officer as defined in section 710-1000, knowingly subjects to sexual penetration an imprisoned person, a person confined to a detention facility, a person committed to the director of public safety, a person residing in a private correctional facility operating in the State of Hawaii, or a person in custody; provided that paragraph (b) and this paragraph shall not be construed to prohibit practitioners licensed under chapter 453 or 455 from performing any act within their respective practices; and further provided that this paragraph shall not be construed to prohibit a law enforcement officer from performing a lawful search pursuant to a warrant or exception to the warrant clause; or

(d) The person knowingly subjects to sexual penetration a minor who is at least sixteen years old and the person is contemporaneously acting in a professional capacity to instruct, advise, or supervise the minor; provided that:

(i) The person is not less than five years older than the minor; and

(ii) The person is not legally married to the minor.

(2) Sexual assault in the second degree is a class B felony.

affirm.

Marques-Fernandez has failed to provide any authority for the proposition that the Circuit Court was required to engage him in a colloquy before his counsel could argue his immigration status to the court at sentencing. Furthermore, Marques-Fernandez does not dispute that, by the time this argument was made by his counsel, the Circuit Court had administered to him the immigration warning required by HRS § 802E-2 (2014)[3] several times.

Furthermore, well before sentencing at his May 8, 2014 arraignment, Marques-Fernandez, in discussing his trial setting, disclosed that he was not a citizen of the United States, at which time the Circuit Court advised him of his right to remain silent. At the same proceeding, and after this advisement and the reading of the immigration warning to him, Marques-Fernandez

---

[3]    HRS § 802E-2 provides:

> § 802E-2 Court advisement concerning alien status required prior to the commencement of trial, entry of a plea of guilty or nolo contendere, or admission of guilt or sufficient facts. Prior to the commencement of trial, entry of a plea of guilty or nolo contendere, or admission of guilt or sufficient facts to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
>
>> If you are not a citizen of the United States, whether or not you have lawful immigration status, you have the right to receive advice from your attorney about the specific impact that this case will have, if any, on your immigration status. The entry of a guilty or nolo contendere plea, admission of guilt or sufficient facts, or conviction, deferred judgment, or deferred sentence may have the consequences of your immediate detention, deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. In some cases, detention and deportation from the United States will be required. Your lawyer must investigate and advise you about these issues prior to the commencement of trial, entry of a guilty or nolo contendere [plea], or admission of guilt or sufficient facts to any offense punishable as a crime under state law, other than those offenses designated as infractions. <u>You are not required to disclose your immigration or citizenship status to the court.</u>
>
> Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

(Emphasis added.)

asserted, "I want to go to my country. I'm not legal . . . ." Thus, the record clearly shows Marques-Fernandez was aware he did not need to disclose his immigration status.

Finally, there is no indication in the record that the Circuit Court considered or relied upon Marques-Fernandez's citizenship in deciding upon the sentence it imposed. The Circuit Court did not mention the matter in imposing sentence. Marques-Fernandez's counsel argued that, as he was likely to be deported, there was no need to impose imprisonment. Nevertheless, the Circuit Court imposed consecutive terms of imprisonment. Therefore, we conclude the disclosure did not harm Marques-Fernandez.

Based on the foregoing, the January 7, 2016 Judgment of Conviction and Sentence, entered by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, June 28, 2017.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge